IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANDICE HALE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 3:25-cv-00831-ECM-JTA |
| CLARENCE J.C. STEWART, | ) |
| SCOTT FOREHAND, CHRIS | ) |
| HARDMAN, TAMI POE, | ) |
| JASON HICKS, AND | ) |
| CHRISTOPHER ROBERTS, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

**ANSWER OF DEFENDANTS STEWART,
FOREHAND, HARDMAN, POE, HICKS, AND ROBERTS**

Defendants Stewart, Forehand, Hardman, Poe, Hicks and Roberts answer the complaint (Doc. 1) as follows:

**FIRST DEFENSE**

Response to the Introduction and the respective numbered paragraphs of the complaint:

Introduction

Defendants admit that Plaintiff engaged in expression about Kirk's death and that his death involved matters of public concern. Defendants deny that Plaintiff was terminated for exercising her First Amendment rights and denies that she suffered any constitutional deprivation at the hands of Defendants.

25391063.4

1.-2.   Jurisdiction and venue are not contested, but Defendants deny having violated any law.

3.   Admitted

4.   Admitted

5.   Admitted

6.   Admitted that Defendants Roberts, as President of Auburn University, is a policymaker.  Otherwise denied.

7.   Admitted, except that it is denied that Defendant Roberts is liable in his individual capacity.

8.   Admitted

9.   Admitted

10.   Admitted, except that it is denied that Defendant Stewart is liable in his individual capacity.

11.   Admitted

12.   Admitted

13.   Admitted, except that it is denied that Defendant Forehand is liable in his individual capacity.

14.   Admitted

15.   Admitted

3

16. Admitted, except that it is denied that Defendant Poe is liable in her individual capacity.

17. Admitted

18. Admitted

19. Admitted, except that it is denied that Defendant Hicks is liable in his individual capacity.

20. Admitted

21. Admitted

22. Admitted, except that it is denied that Defendant Hardman is liable in his individual capacity.

23. Defendants incorporate all above responses.

24. Admitted

25. Admitted

26. Admitted

27. Admitted

28. Admitted as to merit increases prior to October 1, 2025. Otherwise denied.

29. Admitted

30. Admitted

25391063.4

31. Admitted that Kirk was an activist. Defendants are without knowledge or information sufficient to form a belief about the truth of whether Kirk was a "republican" activist.

32. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments of this paragraph.

33. Admitted, except as to the phrase "as a result."

34. Admitted that the President of the United States ordered federal flags flown at half-staff and that people mourned Kirk's death, both publicly and privately. Otherwise denied.

35. Admitted that Kirk's death was characterized by some people as a political assassination. The publication cited in footnote 2 speaks for itself and no response is required.

36. Admitted

37. Admitted

38. Denied

39. Denied

40. Admitted that Defendant Roberts released the depicted statement, which speaks for itself, on September 17, 2025. Otherwise denied.

41. Admitted

42. Admitted

25391063.4

43. Admitted that during the meeting Forehand and Hardman questioned Hale about matters related to their threat assessment responsibilities, including some social media posts made by Hale. Otherwise denied.

44. Admitted that Forehand asked Hale how students who were in the University's Turning Point USA chapter would feel assured that she would grade them in an unbiased manner if they took one of her courses. Otherwise denied.

45. Admitted that Forehand and Hardman also asked Hale who else, besides Kirk, would be included in the description "evil racist, fascist, misogynist, homophobic, transphobic, xenophobic, mediocre white men" and specifically whether student members of the AU Turning Point USA chapter would be included in such a description. Otherwise denied.

46. Admitted that they also asked Hale if she had access to firearms or had any intent to harm anyone at Auburn. Otherwise denied.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

48. Admitted as to employment after 2023-24. Otherwise denied.

49. Admitted that Hale emphasized that she would challenge the views of students who aligned themselves with Kirk, even students taking one of her English composition courses. Otherwise denied.

5

50. Admitted that Forehand and Hardman indicated that their purpose was to assess the violent threat potential posed by Hale against the campus community as well as posed toward Hale by others, and that their purpose was not to determine disciplinary matters which may or may not be contemplated by Human Resources or the College of Liberal Arts. Otherwise denied.

51. Admitted that during the meeting Forehand and Hardman explained that the interview was one step in the process to help the BTAM assess Hale's threat potential and also to mitigate any threats that may have been directed against Hale in response to her posts. Otherwise denied.

52. Admitted that on September 19, 2025 Defendant Poe requested that Plaintiff meet with her and Defendant Hicks.

53. Admitted that Plaintiff asked to delay the meeting, stated that she was consulting with attorneys, and falsely accused Auburn officials of lying.

54. Admitted that, later on September 19, 2025, Defendant Poe advised Plaintiff, among other things, that she was being placed on administrative leave (with pay and benefits) and that she was not to contact her students.

55. Admitted

56. Admitted

57. Admitted, except that it is denied that the "Compliance Department" ever indicated that Plaintiff was not a threat.

58. Admitted

59. Admitted

60. Denied that Defendant Poe stated that the University "wanted to end her employment." Admitted that Poe stated that a severance agreement was for her to consider prior to any other potential employment action.

61. Admitted

62. Admitted that, on or about September 23, 2005, Defendant Stewart issued a campus ban letter to Hale. Otherwise denied.

63. Defendants incorporate all above responses.

64. This paragraph is a statement of law as to which no response is required. Defendants admit that the First Amendment protects certain, but not all, speech and expression.

65. Defendants admit that Plaintiff made the social media post depicted in paragraph 37 of the complaint, but are otherwise without knowledge or information sufficient to form a belief as to the truth of whether and under what circumstances Plaintiff "spoke about her feelings" and therefore do not know if any such speech was protected.

66. Defendants are unable to determine exactly what "posts" are referred to in this paragraph. As to the post depicted in paragraph 37 of the complaint, denied.

7

25391063.4

67. Defendants are unable to determine exactly what "speech" is referred to in this paragraph. As to the post depicted in paragraph 37 of the complaint, Defendants admit that certain aspects of the post were about a matter of public concern. Otherwise denied.

68. Denied, but admitted that Defendant Roberts took the public position that Auburn University condemns speech or actions that "endorse, glorify, or trivialize violence."

69. Admitted that Defendant Forehand participated in a threat assessment of Plaintiff. Otherwise denied.

70. Admitted that Defendant Hardman participated in a threat assessment of Plaintiff. Otherwise denied.

71. Denied.

72. Admitted that on September 19, 2025, Poe notified Plaintiff that she was being placed on administrative leave.

73. Denied. For further answer, please see response to paragraph 60, above.

74. Admitted that, on or about September 23, 2005, Defendant Stewart issued a campus ban letter to Hale. Otherwise denied.

75. Denied as an overly broad and therefore incorrect statement. However, Defendants admit that the First Amendment protects certain (but not all) speech and

25391063.4

expression from government retaliation, and that in certain circumstances that constitutional right is clearly established.

76. Denied

77. Denied

78. Denied

79. Denied

80. Defendants incorporate all above responses.

81. This paragraph is a statement of law as to which no response is required. Defendants admit that Art. I, § 4 of the Alabama Constitution protects certain, but not all, speech and expression.

82. Defendants admit that Plaintiff made the social media post depicted in paragraph 37 of the complaint, but are otherwise without knowledge or information sufficient to form a belief as to whether and under what circumstances Plaintiff "spoke about her feelings" and therefore do not know if any such speech was protected.

83. Defendants are unable to determine exactly what "posts" are referred to in this paragraph. As to the post depicted in paragraph 37 of the complaint, denied.

84. Defendants are unable to determine exactly what "speech" is referred to in this paragraph. As to the post depicted in paragraph 37 of the complaint,

9

25391063.4

Defendants admit that certain aspects of the post were about a matter of public concern.

85. Denied, but admitted that Defendant Roberts took the public position that Auburn University condemns speech or actions that "endorse, glorify, or trivialize violence."

86. Admitted that Defendant Forehand participated in a threat assessment of Plaintiff. Otherwise denied.

87. Admitted that Defendant Hardman participated in a threat assessment of Plaintiff. Otherwise denied.

88. Denied.

89. Admitted that on September 19, 2025, Poe notified Plaintiff that she was being placed on administrative leave.

90. Denied. For further answer, please see response to paragraph 60, above.

91. Admitted that, on or about September 23, 2005, Defendant Stewart issued a campus ban letter to Hale. Otherwise denied.

92. Denied

93. Defendants incorporate all above responses.

94. Denied

95. Denied

96. Denied

97. Denied

98. Denied

99. Denied that Defendants engaged in wanton conduct and denied that Plaintiff is entitled to any damages, punitive or otherwise.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Defendants deny that Plaintiff is entitled to any of the relief requested in section VI of the complaint, Prayer for Relief.

2. The complaint fails to state a claim upon which relief can be granted.

3. Defendants in their individual capacities are protected from the imposition of money damages based on federal qualified immunity and state law state agent immunity.

4. Defendant Roberts in his official capacity is entitled to the immunities provided by the Eleventh Amendment to the Constitution of the United States and Article I, § 14 of the Constitution of Alabama.

5. Even if Plaintiff engaged in speech on a matter of public concern, Plaintiff's interest in commenting upon such matters does not, under the circumstances, outweigh Auburn University's (and by extension Defendants') interest as an employer in promoting the efficiency of public services it performs. *See Maggio v. Sipple*, 211 F.3d 1346, 1351 (11th Cir. 2000) (citing *Pickering v. Bd.*

*of Educ. Of Township High Sch. Dist. 205, Will Cnty.*, 391 U.S. 563, 88 S. Ct. 1731 (1968)).

6. Even if Plaintiff engaged in constitutionally protected speech that was a motivating factor in the decision to place her on administrative leave, which Defendants deny, she would have been so placed regardless for legitimate reasons having nothing to do with speech that enjoyed constitutional protection.

7. Defendants deny that they are liable to Plaintiff in any respect and deny that she is entitled to any of the relief sought.

8. Any allegation of the complaint not expressly admitted is denied.

9. Defendants reserve the right to amend this answer to include additional defenses that may be identified during the course of this litigation.

Respectfully submitted on this 2nd day of December, 2025.

          */s/ David R. Boyd*
          Attorney for Defendants

**OF COUNSEL**

David R. Boyd
**BALCH & BINGHAM LLP**
1901 6th Avenue North, Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8799
Email: dboyd@balch.com

Joseph L. Hill
**BALCH & BINGHAM LLP**
445 Dexter Avenue, Suite 8000
Montgomery, Alabama 36104
Telephone: (334) 269-3111
Email: jhill@balch.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following CM/ECF participant(s) electronically and/or that a copy of same was placed in the U.S. Mail, postage prepaid on this the 2nd day of December, 2025:

Kira Fonteneau
**THE WORKERS FIRM LLC**
2 North 20th Street, Suite 900
Birmingham, Alabama 35203
Telephone: (404) 382-9660
Facsimile: (205) 651-4130
Email: fonteneau@theworkersfirm.com
*Attorney for Plaintiffs*

                                              */s/ David R. Boyd*
                                              Of Counsel

25391063.4